UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL SAUNDERS,

                    Petitioner,

          -against-

THOMAS GRIFFIN,

                    Respondent.

U.S. ... 
... 
ELECTRONICALLY ...
... 
... 2 |14| 2019

17-cv-8683 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

The Court is in receipt of *pro se* Plaintiff's request, dated February 7, 2019, for

appointment of *pro bono* counsel (ECF No. 20). Pursuant to 28 U.S.C. § 1915(e)(1), the Court

may at its discretion order that the *Pro Se* Office request an attorney to represent an indigent

litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro*

*bono* panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit has set forth the standards governing the appointment of counsel in

*pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti*

*Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60 – 62 (2d Cir.

1986). These cases direct the district courts to "first determine whether the indigent's position

seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to

consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation

independently, and his ability to handle the case without assistance in the light of the required

factual investigation, the complexity of the legal issues, and the need for expertly conducted

cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392

(quoting *Hodge*, 802 F.2d at 61 – 62). "Even where the claim is not frivolous, counsel is often

unwarranted where the indigent's chances of success are extremely slim," and the Court should

determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

In his application, Plaintiff notes that he has no financial resources or legal expertise.

The Court notes that this case is closed, and there are no pending matters for which Plaintiff would require counsel. (ECF No. 19.) Having considered Plaintiff's application and the circumstances, meaning the lack of a pending matter before this Court, the Court does not find any exceptional circumstances which warrant the appointment of *pro bono* counsel at this time.

Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's request for the appointment of counsel is DENIED. The Clerk of the Court is respectfully directed to terminate Plaintiff's motion at ECF No. 20 and to mail a copy of this Order to the Plaintiff at her address as listed on ECF and show proof of service on the docket.


Dated:   February 14, 2019                           SO ORDERED:
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

2